

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. M. Riley Wyatt, Chairman
Texas Prison Board
514 Brady Building
San Antonio, Texas

*6-19-16*
*and withdrawn*

Dear Sir:

Opinion No. 0-7160

Re: Authority of Prison Board
to sell prison manufactured
goods and its prison pro-
duced products.

Your letter requesting an opinion from this department
is as follows:

"Please advise me if the Texas Prison System
can sell on the open market to any person, firm, or
corporation, within the State, any or all of its
manufactured goods, and its prison produced products?"

Article 6166e, V.A.C.S., (Acts 1927, 40th Legislature, p.
296) provides as follows:

"The Board shall have power to authorize the mana-
ger to sell and dispose of all products of all farms
and industries connected with the prison system and
all personal and moveable property, at such prices and
on such terms and render such rules as it may deem best
and adopt; and it may lease any real estate for agri-
cultural or grazing purposes or lease other fixed pro-
perty and appurtenances belonging thereto upon such
terms as it may deem advantageous to the interests of
the prison system."

Article 1137i-1, V.A.P.C. (Acts 1941, 47th Legislature, p.
107, ch. 86) provides the following:

"Section 1.  It shall be unlawful for any
person, firm, partnership, association, or corpor-
ation to sell or offer for sale within the State of
Texas any goods, wares, or merchandise manufactured
wholly or in part by convicts or prisoners in penal
or reformatory institutions, except convicts or pris-
oners on parole or probation, and provided further that
nothing in this Section shall be construed to forbid or

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. M. Riley Wyatt - Page 2

or prohibit the sale of such goods produced or manufactured in the prison institutions of this State to the State, or to any political subdivision thereof, or to any public institution owned or managed and controlled by the State or any subdivision thereof.

"Section 2. Any person, firm, partnership, association, or corporation which shall violate any of the provisions of this Act shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than Twenty-five Dollars ($25) nor more than Two Hundred Dollars ($200) for the first offense, and not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500) for each subsequent offense."

Article 6166o vested the prison manager with the power to sell and dispose of products of the farms and industries connected with the prison system upon such terms and conditions as the Board deems best. Article 11371-1, on the other hand, clearly prohibits the sale in Texas of prison manufactured goods, wares, or merchandise with the exception of sales to the State or any political subdivision thereof or to any public institution owned or managed and controlled by the State or any subdivision thereof.

It is a well recognized principle of statutory construction in Texas that if a conflict exists between two statutes, the earlier in enactment is repealed by the later. "Leges posteriores priores contraries abrogant." (Parshall v. State, 62 Crim. Reports 177, 136 S.W. 767 and Stevens v. State, 70 Texas Crim. Reports 565, 159 S.W. 505.)

Being convinced that the two statutes are in irreconcilable conflict so far as the sale of prison manufactured goods, wares and merchandise is concerned, it is our opinion that Article 11371-1 must be held as the last expression of the Legislature and is controlling and effective. Therefore, you are respectfully advised that the prison system cannot sell in Texas its prison manufactured goods, wares and merchandise to any person, firm or corporation except that such prison manufactured goods may be sold to the State or subdivisions thereof or any public institution owned or managed and controlled by the State or any subdivision thereof. You are further advised that it is our opinion that the prison system is authorized under Article 6166o to sell those products not prohibited by Article 11371-1.

Our Opinion No. O-1916 is hereby withdrawn since that opinion is no longer applicable due to the subsequent enactment of

733

Hon. M. Riley Wyatt - Page 3

Article 11571-1.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By F. A. Ellis
Assistant

By John Reeves

APPROVED JUL 11, 1946
ASSISTANT GENERAL

JR:djm

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN